UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEBORAH JACKSON, | Case No. 18-CV-1392 (DSD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

Petitioner Deborah Jackson received a life sentence after pleading guilty to a drug offense in the United States District Court for the District of Kansas. *See United States v. Jackson*, No. 2:08-CR-20150-CM-2 (D. Kan.). She is today incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Repeatedly, Jackson has sought to challenge the validity of her sentence. First, Jackson sought to challenge her sentence on direct appeal; although her plea agreement included an appeal waiver, Jackson argued that her guilty plea was not knowing, voluntary, or intelligent, and thus that her plea agreement (including the appellate waiver) should be vacated. The Tenth Circuit Court of Appeals rejected Jackson's argument and dismissed the appeal on the basis of the appellate waiver. *See United States v. Jackson*, 410 Fed. App'x 127 (10th Cir. 2011) (per curiam). Jackson then sought relief under 28 U.S.C. § 2255 in the District of Kansas, arguing that she received ineffective assistance of counsel at the pleading stage of the criminal proceedings. That motion was denied without reaching the merits of Jackson's claim on account of a waiver in the plea

1

agreement as to any future collateral challenges. *See United States v. Jackson*, No. 08-20150-02-CM, 2012 WL 5869822, at *1-3 (D. Kan. Nov. 19, 2012). A second motion brought by Jackson under § 2255 in the District of Kansas was dismissed as being "second or successive" and filed without prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2255(h). A subsequent request for authorization to file a second-or-successive § 2255 motion pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), was denied on the merits by the Tenth Circuit. *See In re Jackson*, No. 16-3198 (10th Cir. June 28, 2016).

Jackson then filed a petition for a writ of habeas corpus in this District. *See* Petition [ECF No. 1]. Her basis for seeking relief, though, was unclear. The lone ground in her habeas petition stated only that she was denied "due process." Petition at 6. Elsewhere in the petition, Jackson contested the "legality of [her] sentence as a drug career offender," Petition at 2, but Jackson did not explain the specific legal basis upon which she contested her sentence. Finally, Jackson suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she did not state what that decision was. None of these vague or conclusory statements was sufficient to put the government on notice of the specific claim being raised by Jackson in challenging her sentence. Accordingly, the Court asked Jackson to clarify her basis for relief. *See* ECF No. 3. The Court also asked Jackson to explain why a habeas corpus petition was the appropriate vehicle for relief on the claim being raised. *Id.*

Jackson then filed a supplementary response arguing that the sentence enhancement imposed in her case pursuant to 21 U.S.C. § 851 was invalid due to the

2

Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  *See* ECF No. 4.  Jackson further argued that a petition for a writ of habeas corpus was appropriate because no other vehicle for relief, such as a motion under § 2255, was available for her to raise a claim under *Dimaya*.  Because Jackson had sought relief under § 2255 previously, any subsequent motion she brought under § 2255 could be authorized only if the claims in that motion were based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Jackson argued that *Dimaya* was a new rule made retroactive to cases on collateral review by the Supreme Court, but that because *Dimaya* stated a *statutory* rule rather than a *constitutional* rule, § 2255(h)(2) did not permit authorization of a motion raising a *Dimaya* claim.  This, in turn, rendered § 2255 "inadequate or ineffective to test the legality of [her] detention."  28 U.S.C. § 2255(e).  And because § 2255 was "inadequate or ineffective," Jackson concluded, habeas corpus relief from her sentence remained available to her.  *See id.*

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner

3

. . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255."). Some, though not all, circuits have concluded that habeas corpus relief is appropriate where — as Jackson argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249

4

(6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

The Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness — that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson*, *see id*. at 1213, which itself was determined to be a new rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, – F.3d – , 2018 WL 4224057, at *1 (8th Cir. Sept. 6, 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya* declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding.

Thus, assuming (as the government concedes) that the other requirements of § 2255(h) are met — the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on — Jackson may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals. It is worth noting, however, that if *Dimaya* claims could not be authorized § 2255(h) for a

5

reason *other* than those claims not relying upon a "constitutional" rule, dismissal of the petition would still be necessary. If *Dimaya* did not establish a "new rule," then petitioners invoking *Dimaya* would have no excuse for having failed to invoke the "old" rule previously, whether on direct appeal or in a motion under § 2255, and therefore would have forfeited their unobstructed procedural opportunity to raise the claim. *See Abdullah*, 392 F.3d at 963. And if *Dimaya* was not made retroactive to cases on collateral review, then petitioners simply could not rely upon *Dimaya* in collateral proceedings, including habeas corpus proceedings. In either case, the claim's failure would not be due to § 2255 being "inadequate or ineffective," 28 U.S.C. § 2255(e), but due either to the petitioner's lack of diligence or to the claim being limited to cases that have not yet become final.

Jackson has not justified her invocation of the savings clause. The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: October 1, 2018        *s/Elizabeth Cowan Wright*
                              Elizabeth Cowan Wright
                              United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).